UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE FISCHER,<br><br>           Petitioner,<br><br>    v.<br><br>JEFF LYNCH,<br><br>           Respondent. | Case No.  25-cv-02619-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Petitioner Bruce Dean Fischer filed a Petition for Writ of Habeas Corpus.  (Dkt. No. 1 ("Petition").)  Respondent moves to dismiss the Petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Dkt. No. 13 ("Motion").)  For the reasons discussed below, the Motion is **GRANTED**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

There is a one-year statute of limitations on the filing of federal habeas petitions by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  As applicable here, the statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A).  The deadline may be tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).

Petitioner pled no contest to three counts of forcible lewd or lascivious acts on a child and was sentenced on November 29, 2021.  (Dkt. No. 1-2 at 51–52, 58, 69.)  Petitioner did not seek direct review via appeal, and his conviction became final on January 28, 2022.  *See* Cal. R. Ct. 8.308(a) (requiring notice of appeal to be filed within 60 days).  One year later, on January 28,

2023, the statute of limitations expired on Petitioner's ability to seek federal habeas review of his state court conviction. 28 U.S.C. § 2244(d)(1)(A). Therefore, the Petition is untimely. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 & n.2 (9th Cir. 2006) (explaining that because petitioner did not appeal, "at the time [petitioner] filed his first state habeas petition, the AEDPA limitations period had already expired," and petitioner would need to establish equitable tolling to be entitled to federal habeas review).

The fact that Petitioner sought collateral review by filing a habeas petition in Santa Clara County Superior Court on March 20, 2023, does not change this analysis.[1] The state court habeas petition cannot toll the deadline for filing a federal habeas petition because the federal deadline had already passed when the state court habeas petition was filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). To the extent Petitioner argues that the date the state supreme court denies a habeas petition is considered the date judgment becomes final for purposes of the AEDPA, the Ninth Circuit has rejected this argument. *See Randle v. Crawford*, 604 F.3d 1047, 1056–57 (9th Cir. 2010). Finally, Petitioner does not raise any other basis for statutory or equitable tolling.

For the forgoing reasons, the Motion to Dismiss is **GRANTED**. A certificate of appealability will not issue. See 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: February 3, 2026

RITA F. LIN
United States District Judge

---

[1] Though Petitioner describes this filing as a direct appeal (Dkt. No. 16 at 2), the record shows it was a habeas petition. (Dkt. No. 13 at 11, 49; *see also id.* 281; Dkt. No. 1-2 at 139.)